**JIN LONG YANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–6097–ag.**

United States Court of Appeals,
Second Circuit.

April 6, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

David C. Iglesias, United States Attorney for the District of New Mexico; Terri J. Abernathy, Assistant United States Attorney, Las Cruces, New Mexico, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 6th day of April, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jin Long Yang, through counsel, petitions for review of the Board of Immigration Appeals ("BIA") October 2004 order denying his motion to reconsider the BIA's decision. The BIA had previously dismissed Yang's appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). The regulations provide that a motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao,* 265 F.3d at 90.

Here, the BIA did not abuse its discretion in denying Yang's request for reconsideration because Yang failed to assert any new arguments pertaining to legal or factual error in the BIA's prior order. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 110 (2d Cir.2006). While Yang asserts that his arguments—that the IJ erred by failing to allow him to provide explanations for inconsistencies, and by excluding his wife's abortion certificate due to a break in

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

the chain of custody—were new, and suggests that the BIA failed to address them, the record indicates otherwise. The BIA specifically stated that it "reviewed the arguments made by [Yang] in the motion" and noted that it "considered these arguments before rendering a decision in this case." Thus, the BIA properly declined to revisit them, and provided adequate reasoning for doing so.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).